UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sammie Smith,                                               Case No. 4:20-cv-2387

      Petitioner,

v.                                                                    ORDER

Anthony Davis, Warden,

      Respondent.

On October 20, 2020, *pro se* Petitioner Sammie Smith[1] filed his fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). *See also* Case Nos. 4:14-cv-1298, 4:18-cv-512, and 4:20-cv-1432. Because Smith previously had filed these petitions, Magistrate Judge Thomas M. Parker recommends that this case be transferred case to the Sixth Circuit Court of Appeals as a second or successive petition. (Doc. No. 25). Smith objects to this recommendation, arguing his petition challenges a new judgment and therefore is not a second or successive petition. (Doc. No. 26).

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R.

---

[1] Smith currently is incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio, where Anthony Davis is the Warden. The Clerk of Court is ordered to substitute Davis as the Respondent in this case. *See* Fed. R. Civ. P. 25(d).

Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

On January 7, 2011, Smith was convicted of a total of eight counts, consisting of aggravated burglary, multiple counts of rape and kidnapping, aggravated robbery, and robbery, and he was sentenced to an aggregate prison term of 80 years. Smith appealed. The Seventh District Court of Appeals upheld Smith's convictions and his sentences on six of the eight counts. *State v. Smith*, 2013-Ohio-756, 2013 WL 794034 (Ohio Ct. App. March 1, 2013). The appellate court reversed the imposition of the five-year enhanced sentences on counts six and seven and ordered that "the five-year concurrent sentences on these merged counts are reversed and remanded for a limited resentencing hearing where the state can elect which offense it wishes the court to enter the five-year sentence on because two merged offenses cannot both receive sentences." *Id.*, at *26.

After this, Smith filed his first two habeas petitions. His 2014 petition was dismissed without prejudice so that Smith could exhaust his state court remedies. Case No. 4:14-cv-1298. Smith filed his second petition on February 25, 2018. Case No. 4:18-cv-512. While that petition was pending, the trial court conducted the limited sentencing hearing and resentenced Smith to an aggregate term of 75 years in prison. (Doc. No. 13-1 at 652-55). Smith's second petition was rejected on November 27, 2019, as procedurally defaulted and meritless. *See* Case No. 4:18-cv-512. Smith filed his third petition on June 29, 2020, and that petition was dismissed for want of prosecution after Smith failed to pay the filing fee or submit a proper application to proceed without

2

prepayment of the filing fee. Case No. 4:20-cv-1432. Finally, Smith filed the petition in this case challenging his 75-year aggregate sentence.

Judge Parker recommends I conclude this petition is second or successive because a limited resentencing which results in a benefit to the defendant does not constitute a "new" judgment under Sixth Circuit precedent. (Doc. No. 25 at 7-8). If a petitioner files a second or successive habeas petition without first obtaining permission from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3).

Smith objects to this recommendation, arguing any change to a custodial sentence is a new judgment and therefore he is not required to obtain the permission of the Sixth Circuit to proceed with his petition. (Doc. No. 26).

Smith's objection is not persuasive. The Sixth Circuit has held "limited resentencings that provide a prisoner with a better-than-before sentence do not create new judgments." *Freeman v. Wainwright*, 959 F.3d 226, 231 (6th Cir. 2020) (citing *In re Crangle*, 838 F.3d 673, 678 (6th Cir. 2016)) (emphasis removed). Smith's resentencing hearing resulted in a sentence that is five years less than his original sentence. *See Smith*, 2013 WL 794034, at *26. This unquestionably is a "better-than-before sentence." Therefore, I overrule his objection, adopt Judge Parker's Report and Recommendation, and transfer this case to the Sixth Circuit Court of Appeals.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

3